IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME MECHANICAL SERVICE, INC., <br> Plaintiff, <br> v. <br> FEDERAL SOLUTIONS GROUP, INC., et al., <br> Defendants. | Case No. 18-cv-03307-MMC <br><br> **ORDER GRANTING DEFENDANT INDEMNITY COMPANY OF CALIFORNIA'S MOTION TO DISMISS; AFFORDING LEAVE TO AMEND** <br><br> Re: Dkt. No. 10 |

Before the Court is defendant Indemnity Company of California's "Motion to Dismiss," filed July 2, 2018. Plaintiff Prime Mechanical Services, Inc. has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

1. Contrary to defendant's contention that plaintiff's Miller Act claim is subject to dismissal as time-barred, the Complaint does not establish "beyond doubt that . . . plaintiff can prove no set of facts that would establish the timeliness of the claim." See U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc., 720 F.3d 1174, 1178 (9th Cir. 2013) (internal quotation and citation omitted). In particular, although plaintiff has attached to the Complaint an invoice dated more than a year before plaintiff filed the instant action, (see Compl. Ex. C); see also 40 U.S.C. § 3133(b)(4) (providing Miller Act claim "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action"), the Complaint alleges plaintiff performed work within the statutory period (see Compl. ¶ 12).

2. For the reasons stated by defendant, plaintiff has failed, however, to show it "furnished labor or material." See 40 U.S.C. § 3133(b)(1) (providing cause of action to

"person[s] that [have] furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished"). In particular, plaintiff alleges it provided "design services" (see Compl. ¶ 14; see also id. ¶ 12 (alleging plaintiff "prepared the new HVAC design for the project")), and, as defendant points out, such work does not constitute "labor" under the Act, see U.S. for Use of Barber-Colman Co. v. U.S. Fid. & Guar. Co., 93-CV-1665, 1994 WL 108502, at *1-3 (4th Cir. March 31, 1994) (unpublished table decision) (finding creation of "control drawings" for HVAC system "not within the definition of 'labor' under the Miller Act").

In light of plaintiff's assertion in its opposition that it also "performed on-site field verification, on-site coordination with other trades, and attended on-site meetings" (see Opp. at 7:19-20), the Court will afford plaintiff leave to amend to allege the "on-site" work it performed, see U.S. for Use & Benefit of Olson v. W.H. Cates Const. Co., 972 F.2d 987, 990 (8th Cir. 1992) (holding "skilled professional work which involves actual superintending, supervision, or inspection at the job site" constitutes "labor" under Miller Act) (internal quotation and citation omitted).[1] Additionally, in its Amended Complaint, plaintiff should clarify whether the above-referenced invoice sought payment for work that was to be, rather than had been, performed, as well as the nature of any work alleged to have been performed within the statutory period.

Accordingly, defendant's motion is hereby GRANTED, and plaintiff's Complaint is hereby DISMISSED with leave to amend. Plaintiff's First Amended Complaint shall be filed no later than August 31, 2018.

**IT IS SO ORDERED.**

Dated: August 15, 2018

MAXINE M. CHESNEY
United States District Judge

---

[1] As the parties have not addressed the question of whether the on-site work, to the extent described in plaintiff's opposition, qualifies as "labor" under the Miller Act, the Court makes no determination herein as to that issue.